CADES SCHUTTE
A Limited Liability Law Partnership

C. MICHAEL HEIHRE        1307
MICHI MOMOSE              9777
LISA K. SWARTZFAGER     10867
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
Fax:  (808) 521-9210
Email: mheihre@cades.com
         mmomose@cades.com
         lswartzfager@cades.com

Attorneys for Nominal Defendant
HAWAIIAN ELECTRIC INDUSTRIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHRISTINA RICE, derivatively on behalf of Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CELESTE A. CONNORS; SCOTT W.H. SEU; THOMAS B. FARGO, YOKO OTANI; ELISIA K. FLORES; RICHARD J. DAHL; PEGGY Y. FOWLER; MICHAEL J. KENNEDY; MICAH A. KĀNE; KEITH P. RUSSELL; WILLIAM JAMES SCILACCI, JR.; TIMOTHY E. JOHNS; JAMES A. AJELLO; SHELEE M. T. KIMURA; TAYNE S.Y. SEKIMURA; MARY E. KIPP; ALANA K. | CASE NO. _____ <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1369, 1441(e) AND 1446** <br><br> **DECLARATION OF C. MICHAEL HEIHRE** <br><br> **EXHIBITS A-D** <br><br> **CIVIL COVER SHEET** <br><br><br> [Removal from Circuit Court of the First Circuit, State of Hawai'i; Civil No. 1CCV-23-0001181] |

PAKKALA; TOBY B. TANIGUCHI;
and DOES 1 through 50, inclusive,

        Defendants,

    and

HAWAIIAN ELECTRIC INDUSTRIES,
INC. and HAWAIIAN ELECTRIC
COMPANY, INC.,

        Nominal Defendants.

## NOTICE OF REMOVAL OF CIVIL ACTION
## UNDER 28 U.S.C. §§ 1369, 1441(e) AND 1446

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF HAWAI'I AND THE CLERK OF THE
COURT:

PLEASE TAKE NOTICE that, pursuant to and in accordance with 28 U.S.C.

§§ 1369, 1441(e) and 1446, Nominal Defendant Hawaiian Electric Industries, Inc.

("HEI"), by and through its counsel, hereby removes the matter *Rice v. Connors, et*

*al.*, No. 1CCV-23-0001181 (Haw. Cir. Ct. 1st Cir.) from the Circuit Court of the

First Circuit, State of Hawai'i, to the United States District Court for the District of

Hawai'i. HEI states that removal is proper for the reasons set forth in the following

paragraphs

## PRELIMINARY STATEMENT

1.    In this action, Plaintiff seeks to hold certain present and/or former officers and

directors of HEI, and its subsidiary Hawaiian Electric Company, Inc. ("HECO"),

liable for damages allegedly caused by the August 8, 2023 fire in Lahaina (the "Lahaina Fire").

2.     Over 70 other actions have been filed seeking damages arising out of the same fire against numerous defendants, including Hawaiʻi and non-Hawaiʻi citizens. These actions generally bring tort claims against HEI, HECO and others. In the past month, other defendants have removed multiple actions concerning the Lahaina Fire to the United States District Court for the District of Hawaiʻi. *See Naki v. State of Hawaiʻi*, Case No. 1:23-cv-00435-JAO-BMK (D. Haw.) (removed by Kamehameha Schools); *Burnes v. Hawaiian Elec. Co*., Case No. 1:23-cv-00452-JAO-BMK (D. Haw.) (removed by Kamehameha Schools); *Eder v. Maui Elec. Co., Ltd.*, Case No. 1:23-cv-00459-JAO-BMK (D. Haw.) (removed by Spectrum Oceanic LLC); *Sheikhan v. Hawaiian Elec. Indus. Inc.*, Case No. 1:23-cv-00460-JAO-BMK (D. Haw.) (removed by Charter Communications, Inc. and Time Warner Cable Information Services (Hawaiʻi), LLC).

3.     On December 5, 2023, HEI removed 69 actions seeking damages arising out of the Lahaina Fire to the United States District Court for the District of Hawaiʻi (the "HEI Removed Actions"). *See* Case Nos. 1:23-cv-00506 through 1:23-cv-00575 filed in the United States District Court for the District of Hawaiʻi.

4.     The instant case is a putative derivative action wherein Plaintiff brings her claims ostensibly on behalf of HEI and HECO against the entities' present and

former officers and directors (the "Individual Defendants") for alleged injuries that HEI and HECO, as corporations, purportedly suffered.[1] While different procedurally in that Plaintiff purports to assert claims on *behalf* of HEI rather than *against* HEI, this case arises out of the same underlying accident—the Lahaina Fire.

5.    Federal court jurisdiction over this action is proper pursuant to the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369, 1441(e). That act provides original jurisdiction in federal court for any civil action involving minimal diversity that arises from a "single accident, where at least 75 natural persons have died in the accident at a discrete location," provided*, inter alia,* that "a defendant resides in a State and a substantial part of the accident took place in another State" or "any two defendants reside in different States." 28 U.S.C. § 1369(a). The MMTJA also provides supplemental jurisdiction for any action related to an action for which there is original jurisdiction under Section 1369: that is, it permits a defendant to remove any pending state action to federal court if "the defendant is a party to an action which is or could have been brought, in whole or in part, under Section 1369 in a United States district court and arises from the same accident as the action in State Court …." 28 U.S.C. § 1441(e)(1)(B).

6.    Here, at least seventy-two actions in which HEI is a party— *Burnes*, *Eder*,

---

[1]    HEI and HECO expressly reserve all rights, arguments and defenses, including that Plaintiff lacks standing to assert the claims.

*Sheikhan* and the HEI Removed Actions—have been removed to federal court under the MMTJA. The present action plainly arises out of the same accident—the Lahaina Fire. Thus, under Section 1441(e), removal of this action is proper.

## PLAINTIFF'S COMPLAINT ARISES OUT OF THE LAHAINA FIRE

7.    On September 11, 2023, Plaintiff Christina Rice filed a putative derivative complaint (the "Complaint") against Celeste A. Connors, Scott W.H. Seu, Thomas B. Fargo, Yoko Otani, Elisia K. Flores, Richard J. Dahl, Peggy Y. Fowler, Michael J. Kennedy, Micah A. Kāne, Keith P. Russell, William James Scilacci, Jr., Timothy E. Johns, James A. Ajello, Shelee M. T. Kimura, Tayne S.Y. Sekimura, Mary E. Kipp, Alana K. Pakkala and Toby B. Taniguchi ("Individual Defendants") and Nominal Defendants HEI and HECO (collectively, "Defendants"). This action was filed in the Circuit Court of the First Circuit, State of Hawai'i (the "State Proceeding"). The State Proceeding is captioned *Rice v. Connors, et al.*, No. 1CCV-23-0001181 (Haw. Cir. Ct. 1st Cir.).

8.    HEI is incorporated, and has its principal place of business, in Hawai'i. Individual Defendants Fargo, Connors, Flores, Kāne and Seu, all members of HEI's board, are residents of Hawai'i. The remaining two members of HEI's board, Fowler and Scilacci, are residents of Oregon and California, respectively.

9.    On information and belief, Plaintiff is a resident and citizen of the state of

California.

10.    Plaintiff filed a First Amended Complaint in the State Proceeding on October 27, 2023 (the "Amended Complaint" or "AC").[2]

11.    Plaintiff alleges that the Lahaina Fire began "when power lines operated by [HEI and HECO] fell to the ground in high winds near the intersection of Lahainaluna Road and Hoʻokahua Street at approximately 6:30 a.m." on August 8, 2023. AC ¶ 7. Plaintiff alleges that after the Maui County Fire Department extinguished the fire, it was re-ignited that afternoon. AC ¶¶ 8-9. Plaintiff alleges that the "Afternoon Fire was simply a continuation of the Morning Fire caused by [HECO's] electrical lines sparking a fire after coming down in high winds." AC ¶ 56. According to Plaintiff, the Afternoon Fire could not be contained and led to the destruction of Lahaina. AC ¶ 57.

12.    Plaintiff alleges that the Individual Defendants failed to adopt adequate safety protocols, maintain electrical infrastructure, and otherwise respond diligently to the threat of fire leading up to the morning of August 8, 2023. AC ¶ 1. Specifically, Plaintiff alleges that the Individual Defendants caused the Lahaina Fire by failing to (i) maintain HECO's electrical infrastructure, including replacing old, wooden

---

[2]    A true and correct copy of the Amended Complaint is attached as Exhibit A to the accompanying Declaration of C. Michael Heihre, dated December 6, 2023, exhibits to which are indicated as "Ex. ___."

power poles and removing vegetation (AC ¶¶ 51, 66-79[3], 82-86); (ii) adopt a Public Safety Power Shutoff plan ("PSPS"), as other utilities in wildfire prone states have done (AC ¶¶ 61–62); and (iii) properly respond to warning signs leading up to the fire, including taking precautionary measures like deenergizing power lines (AC ¶¶ 63–72[4]).

13.    Plaintiff seeks to hold the Individual Defendants liable to HEI under five common law causes of action: breach of fiduciary duty, aiding and abetting breach of fiduciary duty, abuse of control, corporate waste and unjust enrichment. Plaintiff also brings one statutory claim against HEI for violations of Hawai'i's Nonprofit Corporations Act, HRS § 414D-304.

## REMOVED ACTIONS ARISING OUT OF THE LAHAINA FIRE

14.    Seventy two actions arising out of the Lahaina Fire that name HEI as a defendant were recently removed to the United States District Court for the District of Hawai'i, including three which were removed by other parties.

15.    On November 6, 2023, the putative class action *Burnes* was removed to federal court. The named plaintiffs in *Burnes* purport to bring a class action on behalf of "[a]ll individuals and businesses that, as of August 8, 2023, owned or resided on

---

[3]    The Amended Complaint is not properly sequentially numbered. The cite to paragraphs ¶¶ 66-79 are to those paragraphs on pages 26-29.

[4]    The Amended Complaint is not properly sequentially numbered. The cite to paragraphs ¶¶ 63-72 are to those paragraphs on pages 23-26.

real property in Lahaina, Kaʻanapali, Honokowai, Kahana, Napili, and Kapalua …
and suffered real property, personal property, and/or business losses from the
Lahaina Fire." *Burnes*, Dkt. No. 1-2 ("*Burnes* Compl.") ¶ 72; *id.* Dkt. No. 1 ("*Burnes*
Notice of Removal") at ¶ 2. HEI is also named as a defendant in *Burnes*. *See
generally Burnes* Compl. The *Burnes* notice of removal is based on both the Class
Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b), and
the MMTJA. *See generally Burnes* Notice of Removal.

16.    On November 14, 2023, the putative class action *Eder* was removed to federal
court. The named plaintiffs in *Eder* purport to bring a class action on behalf of all
persons and entities who suffered (1) real property loss, (2) personal property loss,
(3) business loss, and/or (4) personal injury as a result of the Lahaina Fire that started
on August 8, 2023. Ex. B (*Eder* Second Amended Complaint (hereafter "*Eder*
Compl.") ¶ 154; Ex. C ("*Eder* Notice of Removal") at 4.[5] HEI is also named as a
defendant in *Eder*. *Eder* Compl. The *Eder* notice of removal is based on both the
CAFA and the MMTJA. *See generally Eder* Notice of Removal.

17.    On November 14, 2023, *Sheikhan* was removed to federal court. The
plaintiffs, three individuals, bring claims for property damage and emotional distress

---

[5]    For ease of review, HEI has attached as exhibits hereto the operative
complaint and notice of removal in *Eder*. HEI has otherwise cited to docket entries
in the other removed cases.

allegedly arising out of the August 8, 2023 Lahaina Fire, including claims for negligence, negligent infliction of emotional distress, premises liability, private nuisance, and public nuisance against HEI. *See Sheikhan*, Dkt. No. 1-2 ("*Sheikhan* Compl."). The *Sheikhan* notice of removal is based solely on the MMTJA. *Id.*, Dkt. No. 1 ("*Sheikhan* Notice of Removal") at ¶¶ 8-20.

18.    On December 5, 2023, HEI filed notices of removal in the HEI Removed Actions. Plaintiffs in these actions bring claims against HEI in tort for HEI's purported role in causing the Lahaina Fire. *See, e.g., 419 Front Street Associates LLC v. Hawaiian Elec. Indus. Inc. et al.*, Case No. 1:23-00506-JAO-BMK (D. Haw.). The notices of removal in the HEI Removed Actions are based solely on the MMTJA. *See, e.g.*, *id.*, Dkt. No. 1 at ¶¶ 3-5.

## GROUNDS FOR REMOVAL

### I.    Removal Is Proper Under the MMTJA

19.    Under the MMTJA, "district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location," if the case also meets one of the following three criteria:

> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

(2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; **or**

(3) substantial parts of the accident took place in different States.

28 U.S.C. § 1369(a) (emphasis added). Additionally, a district court "shall abstain" from hearing such a case if:

(1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; **and**

(2) the claims asserted will be governed primarily by the laws of that State.

*Id.* (emphasis added).

20.    Under 28 U.S.C. § 1441(e), a defendant may remove any pending state action to federal court if the action either "could have been brought in a United States district court under section 1369" or "the defendant is a party to an action which is or could have been brought, in whole or in part, under Section 1369 in a United States district court and arises from the same accident as the action in State Court …." § 1441(e)(1)(B). Any action removed under Section 1441(e) "shall be deemed to be an action under section 1369 …." § 1441(e)(5). Where removal is based on Section 1441(e)(1)(B), it is not necessary that "original federal subject matter jurisdiction … exist"; that provision, instead, "establishes supplemental jurisdiction" by "piggy-backing jurisdiction on the district court's original jurisdiction under § 1369(a)." *Wallace v. Louisiana Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006).

21.    Here, removal is proper because (1) *Eder*, *Burnes*, *Sheikhan* and the HEI

Removed Actions "could have been brought, in whole or in part, under Section 1369" (2) they arise out of the same accident as the instant case, the Lahaina Fire and (3) HEI is a defendant in all the actions.

### A. *Eder* is an Action That Could Have Been Brought Under Section 1369

22.    The *Eder* notice of removal avers that *Eder* was properly removed under § 1441(e)(1)(A), as it satisfies each requirement for original subject matter jurisdiction under Section 1369: it is (1) a minimally diverse action (2) arising out of a single accident at a discrete location in which over 75 people died, and (3) at least one defendant resides in one state and a substantial part of the accident occurred in another state, and/or any two defendants reside in different states.[6] Additionally, the mandatory abstention provision of Section 1369 does not apply.

23.    First, based on the notice of removal, minimal diversity exists in *Eder*. *See Eder* Notice of Removal ¶¶ 15-21 (citing 28 U.S.C. §§ 1369(a), 1369(c)(1)); *see* 28 U.S.C. § 1369(c)(1) ("minimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State"). The named plaintiffs in *Eder* include persons domiciled in Hawai'i and are therefore Hawai'i citizens. *See Eder* Compl. ¶¶ 13-38; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

---

[6]    For the purpose of this analysis, HEI relies on the averments made in the pleadings in *Eder, Burnes* and *Sheikhan* and these pleadings provide the basis for HEI's information and belief set forth herein.

857 (9th Cir. 2001) (citizenship is determined by "state of domicile"). One of the Defendants in *Eder*, Spectrum Oceanic, LLC ("Spectrum"), is a Delaware limited liability company with its principal place of business in Missouri, and its owners/members are citizens of Delaware, Connecticut, and New York. *See Eder* Notice of Removal ¶ 20 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")). Because the *Eder* plaintiffs and Spectrum are citizens of different States, minimal diversity exists.

24.    Second, the case "arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). The claims in *Eder* arise out of the Lahaina Fire, a "single accident." Plaintiffs in *Eder* allege that the Lahaina Fire had a single "Area of Origin" near Pole Number 7A. *Eder* Compl. ¶¶ 115-116, 135-139. It is undisputed that at least 75 natural persons died in the Lahaina Fire. *See Eder* Notice of Removal ¶¶ 35-37. And the Lahaina Fire occurred in a discrete location—Lahaina, a small town on the island of Maui. *See id.*

25.    Third, because Spectrum is not a citizen of Hawaiʻi, at least one "defendant" in *Eder* "resides in a State [not Hawaiʻi] and a substantial part of the accident took place in another State or location [Hawaiʻi], regardless of whether that defendant [Spectrum] is also a resident of the State where a substantial part of the accident took

place [Hawaiʻi]." *Id.* at ¶ 38 (citing 28 U.S.C. § 1369(a)); 28 U.S.C § 1369(c)(2) ("a corporation … is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business").[7]

26.    Fourth, the MMTJA's mandatory abstention provision does not apply. In *Eder*, it is not the case that "the substantial majority of all plaintiffs are citizens of a single State *of which the primary defendants are also citizens*; and [] the claims asserted will be governed primarily by the laws of that State." 28 U.S.C. § 1369(b) (emphasis added). A primary defendant, under Section 1369, is any defendant who is alleged to be directly liable for damages. *See Passa v. Derderian*, 308 F. Supp. 2d 43, 62 (D.R.I. 2004). The language "the primary defendants" means *all* such defendants. *See, e.g.*, *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1263–64 (10th Cir. 2014); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546–47 (5th Cir. 2006). Therefore, if any defendant who is alleged to be directly liable for damages is a citizen of a different state from the one where the substantial majority of plaintiffs are citizens (here, Hawaiʻi) and/or the one that will primarily supply the governing law for the claims (again, Hawaiʻi), the mandatory abstention provision cannot

---

[7]    Similarly, "any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States." *Id.* at ¶ 39 (citing 28 U.S.C. § 1369(a)(2)). Spectrum is not a Hawaiʻi citizen (*see Eder* Dkt. 2); HEI is. *See* HEI's Rule 7.1 Disclosure Statement (which will be filed as Dkt. 2 in the instant case).

apply. The Complaint in *Eder* alleges, *inter alia*, that Spectrum, which is not a citizen of Hawaiʻi, "had [a] license[] to use Hawaiian Electric's poles and destabilized the poles with [its] own cables," and is directly liable for damages arising out of the Lahaina Fire. *Eder* Notice of Removal ¶ 6 (quoting *Eder* Compl. ¶¶ 5, 129-30, 136)). Thus, at least one "primary defendant" is not a citizen of Hawaiʻi, and the mandatory abstention provision does not provide a basis for remand. 28 U.S.C. § 1369(b)(1).

> **B.    *Burnes*, *Sheikhan* and the HEI Removed Actions Are Actions That Could Have Been Brought Under Section 1369**

27.    *Burnes*, *Sheikhan* and the HEI Removed Actions also independently permit removal of this action under Section 1441(e).

28.    As further set out in the *Burnes* notice of removal, *Burnes* arises from the same accident—the Lahaina Fire—as an earlier case removed to federal court under the MMTJA (to which HEI is not a party), *Naki v. State of Hawaiʻi*, Case No. 1:23-cv-00435-JAO-BMK (D. Haw.). *See Burnes* Notice of Removal ¶¶ 23-28. The removing defendants in *Burnes*, the Trustees of the Estate of Bernice Pauahi Bishop, are also defendants in *Naki*. *See id.* at ¶ 25. As such, *Burnes* was properly removed under 28 U.S.C. § 1441(e)(1)(B), and is an "action under section 1369." 28 U.S.C. § 1441(e)(5).

29.    Similarly, *Sheikhan* was properly removed under § 1441(e)(1)(A), because (1) it is minimally diverse; (2) it "arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location," the Lahaina Fire, 28 U.S.C.

§ 1369(a), (3) because defendants at the time of removal, Charter Communications, Inc. and Time Warner Cable Information Services (Hawaiʻi), LLC, as well as a defendant substituted in thereafter, Spectrum, are non-Hawaiʻi residents, at least one defendant resides outside of Hawaiʻi, *id.*, and (4) these defendants are "primary defendants" under § 1369(c). *See generally Sheikhan* Notice of Removal.

30.    As further set out in the HEI Removed Actions notices of removal, those cases also arise from the same accident—the Lahaina Fire—as *Eder*, which was properly removed to federal court under the MMTJA. *See, e.g., 419 Front Street Associates LLC v. Hawaiian Elec. Indus. Inc. et al.*, Case No. 1:23-00506-JAO-BMK (D. Haw.), Dkt. 1, ¶¶ 14-25. As such, the HEI Removed Actions were properly removed under 28 U.S.C. § 1441(e)(1)(B), and are "action[s] under section 1369." 28 U.S.C. § 1441(e)(5).

### C.    This Action Arises From The Same Accident As *Eder, Burnes, and Sheikhan* and the HEI Removed Actions

31.    This case arises from the same accident as *Eder, Burnes, Sheikhan* and the HEI Removed Actions, cases that also seek damages allegedly caused by the Lahaina Fire. *See Burnes* Compl.; *Eder* Compl.; *Sheikhan* Compl. Similarly, here, as described above, Plaintiff's claims arise from the Lahaina Fire. HEI is a defendant in *Eder*, *Burnes*, *Sheikhan* and the HEI Removed Actions; therefore removal is proper under 28 U.S.C. § 1441(e), which permits removal of all cases that "arise[] from the same accident" as the actions in federal court, "even if the action to be

removed could not have been brought in a district court as an original matter."[8] Lastly, the abstention provisions of § 1369(b) do not apply to actions removed pursuant to 28 U.S.C. § 1441(e). *See Wallace*, 444 F.3d at 702 ("§ 1369(b) is not an independent bar to the exercise of jurisdiction over a case removed pursuant to § 1441(e)(1)(B), as it applies only to the exercise of original jurisdiction under § 1369(a).")

32.    The substance of the State Proceeding is identical to that in *Eder, Burnes*, *Sheikhan* and the HEI Removed Actions. A comparison to *Eder* is illustrative. Both the State Proceeding and *Eder* allege that the Lahaina Fire arose from the same downed power line at the intersection of Lahainaluna Road and Hoʻokahua Steet at approximately 6:30am, which later reignited in the afternoon. *Eder* Compl. ¶¶ 12, 135-139; AC ¶¶ 7-9, 56-60. Similar to the State Proceeding (see *supra* ¶ 12 ), the *Eder* Plaintiffs allege that HEI caused the Lahaina Fire by failing to (i) maintain HECO's electrical infrastructure, including replacing old, wooden power poles and removing vegetation (*Eder* Compl. ¶¶ 4, 109, 117, 147); (ii) adopt a PSPS, as other utilities in wildfire prone states have done (*Eder* Compl. ¶¶ 123-127); and (iii)

---

[8]    The Ninth Circuit interprets Congress' use of "'arises from' broadly." *See In re Tristar Esperanza Props., LLC*, 782 F.3d 492, 497 (9th Cir. 2015) ("The word 'arising' connotes, in ordinary usage, something broader than causation.... 'Arising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to, or having connection with....')

properly respond to warning signs leading up to the fire, including taking precautionary measures like deenergizing power lines (*Eder* Compl. ¶¶ 39, 118, 106, 101-104). The State Proceeding and *Eder* also rely on similar allegations in support of their claims that the Individual Defendants and HEI caused the Lahaina Fire. *Compare Eder* Compl. ¶ 104 *with* AC ¶ 68; *Compare Eder* Compl. ¶ 71 *with* AC ¶ 72.

33.    Alleged damages in the State Proceeding are also premised on HEI and HECO being held liable in tort for causing the Lahaina Fire. Plaintiff claims that the Individual Defendants are liable for as much as $3.8 billion from their purported role in causing Lahaina Fire. AC ¶ 126.

34.    Because the State Proceeding, like *Eder, Burnes, Sheikhan* and the HEI Removed Actions, arises from the same accident, the Lahaina Fire, it can be removed under 28 U.S.C. § 1441(e).

**D.    Alternatively, HEI Can Remove Directly Under Section 1369**

35.    While the State Proceeding satisfies the statutory requirements to remove pursuant to § 1441(e), it also can be removed directly under § 1369.

36.    First, minimal diversity exists in the State Proceeding. On information and belief, Plaintiff is a resident and citizen of the state of California. HEI is a resident and citizen of Hawaiʻi as are at least five current HEI directors, Individual Defendants Fargo, Connors, Flores, Kāne and Seu. In addition, Individual Defendant

Fowler is a citizen of Oregon. As a result, minimal diversity exists. *See* 28 U.S.C. § 1369(c)(1).

37.    Second, the State Proceeding arises from a single accident, the Lahaina Fire. *See, e.g.* AC ¶ 1. It is undisputed that at least 75 natural persons died in the Lahaina Fire. *See id.* at ¶ 59; *Eder* Notice of Removal ¶¶ 35-37; *Burnes* Notice of Removal ¶ 23. And the Lahaina Fire occurred in a discrete location—Lahaina, a small town on the island of Maui. *See* AC ¶ 57; *see also Eder* Notice of Removal ¶¶ 35-37.

38.    Third, because two Individual Defendants are residents of states other than Hawaiʻi, the State Proceeding satisfies the requirements for removal in § 1369(a)(1). Individual Defendants Fowler and Scilacci, both members of HEI's board, are residents of Oregon and California, respectively. Section 1369(a)(1) allows for removal when a "defendant [here, Fowler and Scilacci] resides in a State [here, Oregon and California, respectively] and a substantial part of the accident took place in another State or other location [here, Hawaiʻi]." The State Proceeding can also be removed pursuant to § 1369(a)(2) because two defendants reside in different states. Here, Individual Defendants Fowler and Scilacci reside in Oregon and California, respectively. Both Fowler and Scilacci also reside in a different state than HEI and Individual Defendants Fargo, Connors, Flores, Kāne and Seu who are residents of Hawaiʻi.

39.    Fourth, the MMTJA's mandatory abstention provision does not apply. Under

§ 1369(b), mandatory abstention only applies where *both*:

> (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; ***and***

> (2) the claims asserted will be governed primarily by the laws of that State.

§ 1369(b) (emphasis added).

40.    Here, there is no circumstance possible where both requirements of the mandatory abstention provision are satisfied. Starting first with § 1369(b)(2), the claims asserted in this action will be governed primarily by the laws of the state of Hawaiʻi. This case is a putative derivative action asserting, among other things, breach of fiduciary duty claims. It is well-settled that under the internal affairs doctrine, the law of the place of incorporation (here, Hawaiʻi) governs. *See, e.g.*, *Edgar v. MITE Corp.,* 457 U.S. 624, 645 (1982). As such, mandatory abstention can be satisfied only if "the substantial majority of all plaintiffs are citizens" of Hawaiʻi, and the primary defendants are also citizens of Hawaiʻi. § 1369(b)(1).

41.    Regardless of whether the substantial majority of all plaintiffs are citizens of Hawaiʻi, because it is indisputable that at least some of the primary defendants are not citizens of Hawaiʻi, mandatory abstention cannot apply. A primary defendant, under Section 1369, is any defendant who is alleged to be directly liable for damages. *See Passa*, 308 F. Supp. 2d at 62. The language "the primary defendants" means *all* such defendants. *See, e.g.*, *Woods*, 771 F.3d at 1263–64; *Frazier*, 455 F.3d at 546–

47. Here, Individual Defendants Fowler and Scilacci are not citizens of Hawaiʻi. The Amended Complaint alleges that Fowler and Scilacci, as members of HEI's Board of Directors, breached their fiduciary duties in failing to (i) maintain HECO's electrical infrastructure, including replacing old, wooden power poles and removing vegetation (AC ¶¶ 51, 66-79[9], 82-86); (ii) adopt a PSPS, as other utilities in wildfire prone states have done (AC ¶¶ 61-62); and (iii) properly respond to warning signs leading up to the fire, including taking precautionary measures like deenergizing power lines (AC ¶¶ 63-72[10]). Because at least one "primary defendant" is not a citizen of Hawaiʻi, the mandatory abstention provision does not provide a basis for remand. 28 U.S.C. § 1369(b)(1); *see also Passa*, 308 F. Supp. 2d at 61; ("§1369 does not require this court to abstain if any *one* of the so-called 'primary defendants' is from a state other than [Hawaiʻi]").

### E.    All Procedural Requirements For Removal Are Met

42.    **Venue.** Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) & (e) because the Circuit Court from which this case was removed is located within the District of Hawaiʻi.

43.    **Timeliness.** Removal is timely under 28 U.S.C. § 1441(b) as HEI has yet to

---

[9]    The Amended Complaint is not properly sequentially numbered. The cite to paragraphs ¶¶ 66-79 are to those paragraphs on pages 26-29.

[10]    The Amended Complaint is not properly sequentially numbered. The cite to paragraphs ¶¶ 63-72 are to those paragraphs on pages 23-26.

be served in the State Proceeding. In addition, this Notice of Removal is filed within 30 days of HEI "first becom[ing] a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court." 28 U.S.C. § 1441(e)(1). *Burnes* was removed on November 6, 2023, and *Eder* and *Sheikhan* were removed on November 14, 2023. Prior to *Burnes*, HEI was not a party to any action "under section 1369 in a United States district court." *Id.* Accordingly, removal is timely.

44.    **Consent.** HEI is not required to notify or obtain the consent of any other defendant in this action for removal under the MMTJA. *See Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010). Though not required, HEI has obtained the consent of all other defendants in the State Proceeding to the removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.")

45.    **Service.** Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served via email, and a copy will promptly be filed with the Clerk of the Circuit Court from which this case is being removed. In addition, a copy of the Notice of Removal will also be served via Hawaiʻi's Judiciary Electronic Filing and Service System (JEFS).

46.    **State Court Record.** Although HEI has yet to be served, HEI has attached

hereto all entries made in the State Proceeding as Exhibit D.

47.    By filing a Notice of Removal, HEI does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue; and they reserve the rights of all Defendants to assert any defenses or objections to which they may be entitled.

48.    HEI reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

WHEREFORE, pursuant to MMTJA, HEI hereby removes this action to the United States District Court for the District of Hawai'i.

DATED:  Los Angeles, California, December 6, 2023.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ C. Michael Heihre*
C. MICHAEL HEIHRE
MICHI MOMOSE
LISA K. SWARTZFAGER

Attorneys for Nominal Defendant
HAWAIIAN ELECTRIC INDUSTRIES, INC.